**NOT FOR PUBLICIATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADAM REED,

   Petitioner,

v.

BRUCE DAVIS, et al.,

   Defendants.

Civ. No. 22-7412 (GC) (DEA)

**OPINION**

**CASTNER, District Judge**

**I. INTRODUCTION**

  Plaintiff, Adam Reed ("Plaintiff" or "Reed"), is a state prisoner incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. Previously, this Court dismissed Plaintiff's original Complaint at screening due to untimeliness. (*See* ECF 3 & 4). Plaintiff though was given leave to file a proposed amended complaint in the event he could correct the deficiencies of his original Complaint. This Court though instructed Plaintiff that any such proposed amended complaint would still be subject to this Court's *sua sponte* screening as Plaintiff is proceeding *in forma pauperis*. Plaintiff has now submitted a proposed Amended Complaint ("AC") (*see* ECF 5) such that the Clerk will be ordered to reopen this case so that the AC can be screened.

  At this time, this Court must screen the allegations of the AC pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, the AC is dismissed with prejudice as time-barred.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the AC are construed as true for purposes of this screening Opinion. Plaintiff names the following as Defendants in the AC:

1. Bruce Davis – Administrator NJSP;
2. Amy Emrich – Assistant Administrator NJSP;
3. Sgt. Manion – Supervisor Sergeant NJSP;
4. Ofc. Muhammad – NJSP; and
5. Ofc. Castillo – NJSP.

Defendants Manion, Muhammad and Castillo conducted a strip search of Plaintiff on May 7, 2019. (*See* ECF 5 at 5). Once Plaintiff had stripped, Defendant Mohammad slammed Plaintiff's face against the wall and called for a Code 33 – officer needs assistance. (*See id.* at 5-6). Plaintiff was ordered to lay on the floor even though Plaintiff had been cooperative to commands. (*See id.* at 6). Plaintiff's legs were aggressively spread apart which caused Plaintiff pain. (*See id.*). Plaintiff's genitals were on the floor as he was pinned down. (*See id.*). Plaintiff was exposed to female officer subordinates during this time. (*See id.*).

Plaintiff dated his original Complaint on November 30, 2022. (*See* ECF 1 at 10). On January 6, 2023, this Court screened Plaintiff's original Complaint and determined it was time-barred by the applicable two-year statute of limitations to bring actions under 42 U.S.C. § 1983. (*See* ECF 3 & 4). Plaintiff though was given leave to file a proposed amended complaint in the event he could show that tolling applied to make this action timely. Plaintiff subsequently filed his proposed AC asserting that equitable tolling applies. (*See* ECF 5 at 9-14).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Section 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir.1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event

necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)).

The acts giving rise to Plaintiff's action occurred on May 7, 2019. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir.1998)) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point). The two-year Section 1983 statute of limitations began to run on May 7, 2019 and expired on May 7, 2021. Plaintiff initiated this action on November 30, 2022, or more than 1.5 years after the Section 1983 statute of limitations expired.

Plaintiff asserts in his AC that he is entitled to equitable tolling due to various aspects of the COVID-19 pandemic that affected his ability to file this action in a timely fashion. Indeed, Plaintiff asserts as follows:

1. Plaintiff was released from administrative segregation in October 2019 stemming from the May 7, 2019 incident (*see* ECF 5 at 11);

2. In December 2019, Plaintiff sought out the help of an inmate paralegal (*see id.*);

3. In February 2020, the inmate paralegal assisting Plaintiff fell ill and eventually passed away from COVID-19 (*see id.*);

4. In March 2020, NJSP went into lockdown which prevented Plaintiff from visiting the law library (*see id.*);

5. Once the lockdown was lifted, law library access at NJSP was limited to fifteen inmates per day (*see id.* at 11-12);

6. The fifteen-inmate limit at the law library was in place until mid-2022 (*see id.* at 12);

7. In April 2021, and again in December 2022, NJSP went into complete lockdown for approximately one-month during each period due to COVID-19 (*see id.* at 13);

8. In June 2022, NJSP's law library's access expanded to allow twenty-four inmates per day (*see id.*); and

9. Plaintiff made requests to use the law library after June 2022, but was not granted access until August 2022 (*see id.* at 13-14).

Plaintiff states this Court should apply equitable tolling due to the COVID-19 restrictions put in place by NJSP which prevented him from timely filing this action. Plaintiff asserts that within three months of given prison law library access, he filed this action. (*See id.* at 14).

Equitable tolling is governed by state law unless inconsistent with federal law or with the policy which federal law seeks to implement. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). "Equitable tolling affords relief from inflexible, harsh or unfair application of a statute of limitations, but it requires the exercise of reasonable insight and diligence by a person seeking its protection." *Villalobos v. Fava*, 775 A.2d 700, 708 (N.J. Sup. Ct. App. Div. 2001). The doctrine applies "'only in narrowly defined circumstances.'" *Fahey v. Hollywood Bicycle Center, Inc.*, No. 08-3573, 2009 WL 749856, at *4 (D.N.J. Mar. 18, 2009) (quoting *R.A.C. v. P.J.S., Jr.*, 192 N.J. 81, 107, 927 A.2d 97 (N.J. 2007)). "Specifically, New Jersey courts have found the doctrine of equitable tolling to apply in the following situations: (1) 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass;' (2) 'where a plaintiff has in some extraordinary way been prevented from asserting his rights;' and (3) 'where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.'" *Id.* (quoting *Freeman v. State*, 788 A.2d 867, 879-80 (N.J. Sup. Ct. App. Div. 2002)). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable

6

tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Freeman*, A.2d at 880.

While this Court is sympathetic to Plaintiff regarding some of the restrictions placed on him and other inmates at NJSP during the COVID-19 pandemic due to prison protocols, Plaintiff's purported inability to access the law library for periods during the applicable two-year statute of limitations does not constitute extraordinary circumstances to warrant applying equitable tolling in these circumstances. *Accord United States v. Green*, Crim. No. 07-271, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) ("[D]ifficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling.") (citations omitted); *see also Newman v. Hutler*, No. 17-1337, 2019 WL 630851, at *2 (D.N.J. Feb. 14, 2019) ("Nor does Newman's allegation that he has trouble getting to the law library and must rely on the assistance of other prisoners to help him warrant equitable tolling for such an extended period.") (citation omitted). Plaintiff does not explain how his inability to access the law library for certain periods of the applicable two-year statute of limitations prevented him specifically from timely filing this Section 1983 action in this Court. *See Jones v. United States*, No. 14-4655, 2017 WL 4235736, at *4 (D.N.J. Sept. 25, 2017) ("Mr. Jones makes no specific claim of how the purported inadequacies of the law library actually prevented him from filing his petition on time. Mr. Jones' ignorance of the law is also insufficient to equitably toll the statute of limitations.") (citations omitted). Plaintiff also does not allege that he lacked access to his legal materials to warrant equitable tolling. *See id.* at *4-5 (noting that depriving an inmate of legal materials can be grounds for equitable tolling under certain circumstances).

Accordingly, this Court declines to apply the sparingly used equitable tolling doctrine to save Plaintiff's AC in this case. Given these continued timeliness deficiencies, Plaintiff's AC will now be dismissed with prejudice as time-barred.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's AC is dismissed with prejudice as time-barred. An appropriate Order will be entered.

DATED: March 15, 2023

GEORGETTE CASTNER
United States District Judge